## In the Orphans' Court of Schuylkill County.

### ESTATE OF WILLIAM WILLIAMS, late of the Township of Blythe.

An administratrix sold and assigned a judgment which was good and collectable, for the amount of the principal alone and failed to show that she did so in good faith and under the belief that she was doing the best for the estate. *Held,* that she should be charged with the full value of the judgment, principal and interest, at the time of the transfer.

In the matter of the exceptions filed to the account of Sarah Williams, deceased.

Opinion delivered by

GREEN, J.    The facts in this case have been agreed upon and raise the question whether the administratrix should be charged with the interest upon a certain judgment in favor of the estate against the town · ship of Blythe, she having sold and assigned the judgment to David Whitehouse for the amount of the principal alone, with the exception of one hundred dollars of the judgment which had been previously assigned to Wesley Dodson in payment of a debt of the estate owing to him. The interest upon the judgment up to the time of the assignment amounted to $261.34. The exceptants seek to surcharge the administratrix with this amount. If the administratrix had shown that she had sold this judgment in good faith and at its full value, or at less than its full value, acting under a belief that she was doing the best for the estate, I do not think she could be legally chargeable with this interest. But the case stated simply sets forth that this judgment was sold by her for the amount of the principal, and further that the whole of the judgment against Blythe Township ''was good and collectable, and that the same was collected and satisfaction entered of record since the day it

was assigned by the said administratrix.'' Without more, it seems clear that she should be charged with the whole amount of the judgment, both principal and interest. As the judgment was good and collectible' at the time of the transfer, it .is fair to presume in the absence of anything · to the contrary, that its market value was not less than the amount of the judgment and interest, and that· the administratrix should not have sold it for less. The burden would fall then upon her to explain why the claim was thus seemingly sacrificed. In the absence of any reasonable explanation she should be charged with the full amount of the judgment and interest. Under some circumstances we think the administratrix would have a right to sell for less than the debt, interest and costs, but under the facts agreed upon in the case stated, we do not think she would have such right. The accountant should therefore be charged with the whole amount of judgment and interest and should only be credited with the additional sum of one hundred dollars for professional services paid to C. Little in collecting the judgment as agreed upon in the case stated. The account as thus corrected will then be as follows:

| | | | | |
|---|---|---|---|---|
| Balance due administratix as appears by her account filed, | | | $1,559 21 | |
| Additional credit, per C. Little, | . | . | . | 100 00 |
| | | | | 1,659 21 |

The account is surcharged as follows:

| | | | | |
|---|---|---|---|---|
| Judgment vs. Blythe Township, | . | . | . | 1,523 93 |
| Interest on same, | . | . | . | . | 261 34 |
| Amount received per J. Russel, as appears by the depositions taken, | . | . | . | . | 500 00 |
| Amount received per Russell for timber, | . | . | 10 00 | |
| | | | | $2,295 27 |

Balance due the estate by the administratrix is therefore six hundred and thirty-six 6-100 dollars.